**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUIQING ZUO, | No. 12-74238 |
| Petitioner, | Agency No. A088-121-084 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Huiqing Zuo, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo due process challenges to immigration decisions. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Zuo's omission from his application and declaration that family planning officials imprisoned him for approximately one month, and inconsistencies in Zuo's testimony regarding where he was when his wife was forced to have an IUD. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (omitted incidents of arrest and mistreatment supported adverse credibility finding); *Shrestha*, 590 F.3d at 1046-47 (in post-REAL ID act cases, an inconsistency need not go to the heart of the claim, but when it does, it is "of great weight"). We reject Zuo's contention that the agency engaged in speculation or conjecture. In light of the supported credibility findings described above, we reject Zuo's due process contention regarding translation problems. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim). In the absence of

credible testimony, Zuo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zuo's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See Farah*, 348 F.3d at 1156-57.

**PETITION FOR REVIEW DENIED.**